UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BARROCA,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA RITA COUNTY JAIL, et al.,<br><br>    Defendants. | Case No. 24-cv-04379-TLT<br><br>**ORDER OF SERVICE; GRANTING NON-PRISONER APPLICATION TO PROCEED** *IN FORMA PAUPERIS*<br><br>Dkt. No. 12 |

Plaintiff, who was previously detained in the Santa Rita Jail in Alameda County, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, from the jail, regarding his medical treatment. The complaint was dismissed with leave to amend. Plaintiff's First Amended Complaint (FAC) is before the court for screening, and will be ordered served. Plaintiff's application to proceed *in forma pauperis* as a non-prisoner is granted. Dkt. No. 12.

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

3  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

4  do. . .. Factual allegations must be enough to raise a right to relief above the speculative level."

5  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must

6  proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  All or part

7  of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an

8  arguable basis in either law or in fact.

9  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

10  that a right secured by the Constitution or laws of the United States was violated, and (2) that the

11  alleged violation was committed by a person acting under the color of state law.  *See West v.*

12  *Atkins*, 487 U.S. 42, 48 (1988).

13  If a court dismisses a complaint for failure to state a claim, it should "freely give

14  leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A court has discretion to

15  deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant,

16  repeated failure to cure deficiencies by amendment previously allowed undue prejudice to the

17  opposing party by virtue of allowance of the amendment, [and] futility of amendment."

18  *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

19  **B.     Plaintiff's Claims**

20  Plaintiff alleges as follows in his FAC:

21  His tooth was broken prior to his arrest and detention at the Santa Rita Jail. He informed

22  medical intake staff of his broken tooth and pain during his May 30, 2024 arrival at the jail, and

23  requested treatment. He filed two requests for dental care weeks later but received no response or

24  care. His broken tooth became infected twice, causing extreme pain. A nurse informed plaintiff

25  that due to the policy of Wellpath it would be a long time before he was seen. He informed her

26  that his pain was at a 10. He could barely eat and only chew on one side. Another piece of his

27  tooth broke off. He filed a grievance on June 25, 2024. Defendant Jane Doe, the jail or Wellpath

28  head doctor, saw him on June 10, 2024, and also told him it would be a long time before he could

be seen by dental because of Wellpath policy. Plaintiff was not seen by dental until July 23, 2024.

**C.   Analysis**

Liberally construed, plaintiff has stated a cognizable Fourteenth Amendment claim against Alameda County, Wellpath, and defendant Jane Doe Doctor for objectively unreasonable conduct in failing to treat his dental condition and pain for approximately two months. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (outlining the elements of a deliberate indifference to medical needs claim by a pretrial detainee); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (outlining the requirements for municipal liability for a constitutional claim).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1.   The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, the Waiver of Service of Summons, a copy of the FAC (Dkt. No. 11), and a copy of this Order to the following defendants:

> a.   Wellpath at the following address: Corporate Creations Network Inc. [C2250455], 7801 Folsom Boulevard #202, Sacramento, CA 95826
>
> b.   Alameda County at the following address: Clerk, Board of Supervisors, 1221 Oak Street, Suite 536, Oakland, CA 94612
>
> c.   Jane Doe, the head doctor at Santa Rita Jail who evaluated plaintiff on June 10, 2024, at the following address: Corporate Creations Network Inc. [C2250455], 7801 Folsom Boulevard #202, Sacramento, CA 95826

The Clerk shall also mail a copy of the FAC (Dkt. No. 11) and this order to Alameda County Counsel.

The Clerk shall also mail a copy of this order to plaintiff.

2.   Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver

form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer before 60 days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due 60 days from the date on which the request for waiver was sent or 20 days from the date the waiver form is filed, whichever is later.

      3. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

      a. If the defendants intend to file a motion for summary judgment or other dispositive motion, they must do so no later than 60 days from the date the answer is due. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, defendant may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"),

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1 should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to
2 exhaust is not clear on the face of the complaint, defendants must produce evidence proving
3 failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence
4 viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to
5 summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment
6 should be denied and the district judge, rather than a jury, should determine the facts in a
7 preliminary proceeding. *Id.* at 1168.

If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on plaintiff.

      b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than 28 days after the date on which defendants' motion is filed.

      c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that defendant argues that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available

administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above; in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.     Defendants shall file a reply brief no later than 14 days after the date plaintiff's opposition is filed.

        e.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose plaintiff and any other necessary incarcerated witnesses.

5.     All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

6.     It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new

address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

    7.    Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

    8.    This order terminates Docket No. 12.

**IT IS SO ORDERED.**

Dated: August 21, 2025

TRINA L. THOMPSON
United States District Judge